## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 15-61** |
| **LISA CRINEL, ET AL.** | **SECTION "E" (2)** |

## ORDER AND REASONS

Before the Court is Defendant Michael Jones' Motion to Exclude Inadmissible Evidence.[1] The Government opposes this motion.[2] For the following reasons, Defendant Michael Jones' Motion to Exclude Inadmissible Evidence is **DENIED.**

## BACKGROUND

On September 20, 2016, the Government provided Defendant Michael Jones with an FBI 302 report prepared on May 12, 2005 by Special Agent David Sneed following an interview with Defendant Michael Jones in connection with an investigation regarding a health care conspiracy to defraud Medicaid (the "Interview").[3] On September 29, 2016, Defendant Michael Jones filed his Motion to Exclude Inadmissible Evidence.[4] Defendant Michael Jones requests the exclusion of evidence from the Interview because it concerns an investigation into a different healthcare provider.[5] The Government filed an opposition to Defendant Jones' motion on October 7, 2016[6] and a surreply on February 15, 2017.[7] Defendant Michael Jones filed a response to the Government's surreply on February 21, 2017.[8]

---

[1] R. Docs. 731.
[2] R. Docs. 751, 911.
[3] *See* R. Doc. 731-1 at 2.
[4] R. Doc. 731.
[5] R. Doc. 731-1 at 1.
[6] R. Doc. 751.
[7] R. Doc. 911.
[8] R. Doc. 918.

1

The investigation ultimately led to the June 5, 2008 indictment of seven individuals, including the owner of A New Beginning, Akasia Lee.[9] Defendant Michael Jones was not a named or indicted party in the case.[10] The Government argues that "[d]uring the interview, where Jones was represented by counsel," (1) "Jones admitted that he saw patients at Lee's clinic but billed those visits as 'home visits' because the service 'was performed outside of Jones's office'"[11]; (2) "Jones also stated that he signed plans of care for patients that were 'cookie cutter' and that were already written when Jones saw patients"[12]; (3) "Jones denied signing blank prescriptions for Lee to fill out and use with patients, but could not explain why the FBI found a blank prescription slip with his signature"[13]; and (4) Jones "admitted that that Lee paid him $2,500 in one month in return for referring long term care patients to A New Beginning."[14]

The Government does not intend to use information related to the Interview in its case-in-chief and "only intends to use this information during cross examination," should Defendant Michael Jones choose to testify.[15] The Government argues the statements in the FBI 302, "are relevant to rebut Michael Jones's claim of lack of intent in the Abide conspiracies and health care fraud scheme," and to show his character regarding truthfulness.[16]

---

[9] *See* R. Doc. 751 at 2. *See also, United States v. Lee*, 08-148, R. Doc. 199 (E.D. La. Mar. 19, 2009).
[10] R. Doc. 731-1 at 2.
[11] R. Doc. 751 at 2 (quoting R. Doc. 751-1, at 1).
[12] *Id.* (quoting R. Doc. 751-1 at 2).
[13] *Id.* (quoting R. Doc. 751-1 at 4).
[14] *Id.* (quoting R. Doc. 751-1 at 4).
[15] *Id.* at 1; R. Doc. 911 at 1.
[16] R. Doc. 73-1 at 2; R. Doc. 911 at 1.

## LAW AND ANALYSIS

I.   <u>Was the FBI 302 Report Timely Produced</u>?

Defendant Michael Jones argues that, even though the Government has indicated it does not plan to use the Interview in its case-in-chief, the Interview still should have been produced when initially requested.[17] Defendant Michael Jones maintains that if a party fails to comply with Federal Rule of Criminal Procedure 16, the Court may "order that party to permit the discovery or inspection . . .; grant a continuance; prohibit that party from introducing the undisclosed evidence; or enter any other order that is just under the circumstances."[18] Defendant Michael Jones states that on April 1, 2015, he requested production of all oral statements made by Dr. Jones to any person known to be an agent of the Government, as provided in Federal Rule of Criminal Procedure 16(a)(1)(A).[19] On April 13, 2015, the Government responded that it had no such statements in its possession.[20] "On September 20, 2016, nearly a year and a half later after the original request, the government provided defense counsel with an FBI 302 report prepared by Special Agent David Sneed on May 12, 2005, following an interview with Dr. Jones."[21]

On October 28, 2016, the trial was continued until April 10, 2017 at the request of all parties.[22] The Court finds that any prejudice resulting from a late disclosure has been cured by the Court's granting of the joint motion to continue. Rule 404(b) requires only

---

[17] R. Doc. 731-1 at 3.
[18] *Id.* at 4 (quoting FED. R. CRIM. P. 16(d)(2)).
[19] *Id.* at 1 (citing R. Doc. 731-2 at 1).
[20] *Id.* at 1-2 (citing R. Doc. 731-3 at 1).
[21] *Id.* at 2 (citing R. Doc. 731-4).
[22] R. Doc. 828.

reasonable notice which was given in this case. As a result, evidence related to the Interview will not be excluded on this basis.[23]

II.   **Is Evidence Related to the Interview Admissible Under Rule 404(b) or Rule 608(b)?**

In its February 7, 2017 Order,[24] the Court examined Rule 404(b) and 608(b) of the Federal Rules of Evidence.  In its November 1, 2016 Order,[25] the Court ruled with reasons with respect to the use of prior inconsistent statements made in an FBI 302 report under Rules 607 and 613(b). Those decisions are instructive for the issues now facing the Court.

A.   **Is the Evidence Admissible Under Rule 404(b)?**

The Government seeks to use evidence regarding the Interview[26] if Defendant Michael Jones testifies.[27] The Government argues that, "To the extent cross-examination of Michael Jones on this conduct hinges on admissibility under Rule 404(b), the [] prior conduct summarized in the FBI 302, not the 302 itself, are [sic] proper subjects for cross examination. The contents of the 302 show Jones knew that his conduct with Abide, which is factually similar to his conduct with A New Beginning, was unlawful."[28] The Government argues it is entitled to use the evidence to show intent under Rule 404(b), whether or not Defendant Michael Jones mentions Akasia Lee or A New Beginning in his testimony on direct.

Federal Rule of Evidence 404(b) governs the introduction of extrinsic evidence. Under Federal Rule of Evidence 404(b), "[e]vidence of other crimes, wrongs, or acts is

---

[23] *See, e.g., United States v. Charles*, 3 F.3d 436 (5th Cir. 1993) ("Other than requiring pretrial notice, however, Rule 404(b) states no specific time limits in recognition of the fact that what constitutes reasonable notice will depend largely on the circumstances of each case").

[24] R. Doc. 898.

[25] R. Doc. 833.

[26] The parties agree that evidence of the Interview is extrinsic.

[27] The Government does not wish to introduce the FBI 302 itself but, instead, to question Defendant Michael Jones about information in the report. R. Doc. 911 at 1.

[28] R. Doc. 911 at 3.

not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."[29]

In order to be admissible under Rule 404(b), the evidence in question must satisfy the two-pronged test articulated in *United States v. Beechum*.[30] The first prong of the test is whether "the extrinsic offense evidence is relevant to an issue other than the defendant's character."[31] As a threshold matter, the relevancy of extrinsic act evidence is conditioned on whether the defendant, in fact, committed the extrinsic act.[32] Rule 104(b) of the Federal Rules of Evidence provides: "When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that the proof be introduced later."[33] "Therefore, as a predicate to a determination that the extrinsic offense is relevant, the Government must offer proof demonstrating that the defendant committed the offense. If the proof is insufficient, the judge must exclude the evidence because it is irrelevant" under Rule 104(b).[34]

When "determin[ing] whether there is sufficient evidence for the jury to find the defendant in fact committed the extrinsic offense[,] . . . [t]he judge need not be convinced beyond a reasonable doubt that the defendant committed the extrinsic offense," and the Government need not "come forward with clear and convincing proof."[35] Rather, the

---

[29] FED. R. EVID. 404(b).
[30] *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).
[31] *Id.*
[32] *Id.* at 912. *See also U.S. v. Gutierrez-Mendez*, 752 F.3d 418, 423 (5th Cir.) *cert. denied*, 135 S. Ct. 298 (2014).
[33] FED. R. EVID. 104(b).
[34] *Beechum*, 582 F.2d at 912–13; *Gutierrez-Mendez*, 752 F.3d at 423.
[35] 582 F.2d at 913.

standard for the admissibility of extrinsic offense evidence is whether there is evidence sufficient to permit a reasonable jury to find the preliminary facts by a preponderance of the evidence.[36]

Once it is established that the defendant committed the other act, the Court must look at other indicia of relevance. When determining whether extrinsic act evidence is relevant to an issue other than the defendant's character, as required to be admissible under 404(b), "relevance is a function of [the extrinsic offense's] similarity to the offense charged."[37] "[S]imilarity means more than that the extrinsic and charged offense have a common characteristic"—the common characteristic must be "the significant one for the purpose of the inquiry at hand."[38]

The Third Circuit, in *United States v. Brown*, explained what the Government must demonstrate in order to show that proposed 404(b) evidence is relevant to the charged conduct:[39]

> It is not enough for the Government to merely identify a valid non-propensity purpose under Rule 404(b)(2). Crucially, the Government must also show that the evidence is relevant to that purpose. To do so, the prosecution 'must clearly articulate how that evidence fits into a chain of logical inferences, no link of which can be the inference that because the defendant committed the proffered prior offense, he therefore is more likely to have committed the charge offense.[40]

The second step of the *Beechum* test is that "the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403."[41] "The task for the court in its ascertainment of probative value

---

[36] *Id*; U.S. v. Anderson, 933 F.2d 1261, 1269 (5th Cir. 1991) (citing Huddleston v. U.S., 485 U.S. 681, 688–90 (1988)).

[37] *Id.*

[38] *Id.* (internal quotation marks and citation omitted).

[39] 765 F.3d 278 (3d Cir. 2014). The Third Circuit employs an almost identical test to the Fifth Circuit's requirements for admitting 404(b) evidence first articulated in *Beechum*. *See id.* at 291.

[40] *Id.* at 292-93 (internal citations omitted).

[41] *Beechum*, 582 F.2d at 911.

and unfair prejudice under rule 403 calls for a commonsense assessment of all the circumstances surrounding the extrinsic offense."[42] "Some of the factors [a court] must consider include: (1) the extent to which the defendant's unlawful intent is established by other evidence; (2) the overall similarity of the extrinsic and charged offenses; and (3) how much time separates the extrinsic and charged offenses because temporal remoteness depreciates the probity of the extrinsic offense."[43]

The Government argues the first prong of the *Beechum* test is met because the Interview is relevant to show that Michael Jones knew his conduct with Abide was unlawful[44] and that he had the intent to commit healthcare fraud.[45] This satisfies only the first prong of *Beechum*. Using a commonsense assessment of all the circumstances surrounding the extrinsic offense, the Court finds that evidence regarding the Interview fails to satisfy the second prong of the *Beechum* test. The Interview occurred twelve years ago, which is temporally remote in time to the crimes charged now. Furthermore,, the Fifth Circuit has explained that the probative value of an extrinsic act "must be determined with regard to the extent to which the defendant's unlawful intent is established by other evidence, stipulation, or interference."[46] The Government has not attempted to establish, or even discussed, the other evidence available to establish Defendant Michael Jones' unlawful intent. As a result, the Government has failed to establish the evidence is needed in light of the other evidence available to the Government. The risk of undue prejudice resulting from the admission of this twelve year-old evidence to prove the Defendant's intent to commit the currently charged crimes is

---

[42] *Id.* at 914.

[43] *United States v. Adair*, 436 F.3d 520, 525 (5th Cir. 2006) (quoting *Beechum*, 582 F.2d at 915) (internal quotations omitted).

[44] R. Doc. 911 at 3.

[45] R. Doc. 911 at 4.

[46] *United States v. Cockrell*, 587 F.3d 674, 678-79 (5th Cir. 2009) (citing *Beechum*, 582 F.2d at 914).

high. The Court finds the risk from admitting the evidence outweighs its probative value. The evidence regarding the Interview is not admissible under Rule 404(b).

### B. Is the Evidence Admissible Under Rule 608(b)?

The Government alternatively argues that evidence regarding the Interview is admissible under Rule 608(b) because the statements and conduct described involve fraud and implicate Defendant Michael Jones' character for truthfulness.[47]

"Federal Rule of Evidence 608 governs proof of a witness's truthful or untruthful character if offered to attack or rehabilitate the witness's credibility."[48] Rule 608(a) sanctions the use of reputation and opinion testimony to establish the truthful or untruthful character of a witness.[49] Rule 608(b) permits cross-examination of a witness about specific instances of his conduct that bear on his truthful or untruthful nature.[50] Rule 608(b) provides:

> Specific Instances of Conduct. Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character or truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
> (1) The witness; or
> (2) Another witness whose character the witness being cross examined has testified about.[51]

This Rule "permit[s] inquiry on cross examination into specific instances of conduct which may bear on a witness' credibility in order to impeach the credibility of the witness."[52] Although the rule permits inquiry on cross examination into specific instances, Rule 608 serves as an "absolute prohibition on extrinsic evidence . . . when the

---

[47] *Id.* at 5.
[48] *United States v. Hudson*, No. CRIM.A. 09-171, 2011 WL 5357902, at *2 (E.D. La. Nov. 7, 2011).
[49] Fed. R. Evid. 608(a).
[50] *See* Fed. R. Evid. 608(b).
[51] *Id.*
[52] *United States v. Skelton*, 514 F.3d 433, 443-44 (5th Cir. 2008) (citing *United States v. Farias-Farias*, 925 F.2d 805, 809 (5th Cir. 1991)).

sole reason for proffering that evidence is to attack or support the witness' character for truthfulness."[53]

To be admissible under this Rule, "the alleged bad act must have a basis in fact and . . . the incidents inquired about must be relevant to the character traits at issue in the trial."[54] A prosecutor, however, "may not use impeachment as a guise for submitting to the jury substantive evidence that is otherwise unavailable."[55] Rather, as explained above, "Rule 608 authorizes inquiry only into instances of misconduct that are 'clearly probative of truthfulness or untruthfulness,' such as perjury, fraud, swindling, forgery, bribery and embezzlement."[56] Stated differently, "The application of Rule 608(b) to exclude extrinsic evidence of a witness's conduct is limited to instances where the evidence is introduced to show a witness's *general character for truthfulness*."[57] As the Fifth Circuit has explained, "Rule 608(b) [is] inapplicable in determining the admissibility of relevant evidence introduced to contradict a witness's testimony as to a material issue."[58]

The Fifth Circuit has determined that a district court is granted broad discretion to make determinations concerning admissibility of impeachment evidence under Rule 608(b).[59] In addition, as the Fifth Circuit has also explained, "[E]ven if character evidence is deemed admissible under Rule 608(b), its admissibility is subject to Rule 403."[60]

The Government argues it may inquire in cross-examination about the past conduct discussed in the Interview because it goes to the defendant's character for truthfulness under Rule 608(b). As explained above, "Rule 608 authorizes inquiry only

---

[53] FED. R. EVID. 608 advisory committee's note to the 2003 amendments.

[54] *Id.* (citing *United States v. Nixon*, 777 F.2d 958, 970 (5th Cir. 1985).

[55] *United States v. Tomblin*, 46 F.3d 1369, at 1388-89 (5th Cir. 1995) (internal citations omitted).

[56] *Id.* at 1389.

[57] *Sekliton*, 514 F.3d at 441 (emphasis in original).

[58] *Id.* at 441-42.

[59] *United States v. Heard*, 709 F.3d 413, 433 (5th Cir. 2013) (citing *Farias-Farias*, 925 F.2d at 809).

[60] *Skelton*, 514 F.3d at 441.; *see also United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987) ("the district court may under Rule 608(b) determine if evidence is probative of truthfulness, and under Rule 403 exclude even probative evidence if the prejudicial effect outweighs the probative value.").

into instances of misconduct that are 'clearly probative of truthfulness or untruthfulness,' such as perjury, fraud, swindling, forgery, bribery and embezzlement."[61] Rule 608(b) does *not*, as discussed below, apply "in determining the admissibility of relevant evidence introduced to contradict a witness's testimony as to a material issue."[62] Although Rule 608(b) permits inquiry on cross examination into specific instances of conduct which bear on the testifying defendant's credibility, Rule 608 serves as an "absolute prohibition on extrinsic evidence . . . when the sole reason for proffering that evidence is to attack or support the witness' character for truthfulness."[63] Stated differently, the Fifth Circuit has held that Rule 608(b):

> [P]rohibits proof by extrinsic evidence even where the prosecutor inquires into prior acts on cross-examination. The cross-examining attorney must take the witness' answer. This result is consistent with the long-standing doctrine that a witness may not be impeached with extrinsic evidence as to a collateral manner. Prior wrongful acts not resulting in a criminal conviction ordinarily are collateral matters.[64]

The Court finds that evidence regarding the Interview does bear on Defendant Michael Jones's character for truthfulness because it relates to misconduct involving fraud.[65] The Court finds that the probative value of evidence regarding the Interview to prove the Defendant's character for truthfulness is not substantially outweighed by its potential prejudicial effect, therefore satisfying Rule 403 of the Federal Rules of Evidence.[66] As a result, if Defendant Michael Jones chooses to testify at trial,[67] the Government, during cross-examination, may question Defendant Michael Jones

---

[61] *Tomblin*, 46 F.3d at 1389.

[62] *Skelton*, 514 F.3d at 441-42.

[63] FED. R. EVID. 608 advisory committee's note to the 2003 amendments.

[64] *United States v. Davis*, 2003 WL 1904038, at *2 (E.D. La. Apr. 17, 2003) (quoting *United States v. Herzberg*, 588 F.2d 1219, 1223 (5th Cir. 1977)).

[65] *See United States v. Sanders*, 343 F.3d 511, 519 (5th Cir. 2003) ("Fraud has been held to be probative of a witness's character for truthfulness or untruthfulness.").

[66] The Defendants may request a limiting instruction.

[67] *See id.* at 318 ("When a defendant testifies, he puts his character for truthfulness in issue") (citing *United States v. Waldrip*, 981 F.2d 799, 803 (5th Cir. 1993)).

regarding the Interview but only for the purpose of challenging his character for truthfulness pursuant to Rule 608(b). The Government is required to accept his answer and may not impeach him with extrinsic evidence as to this collateral manner.[68]

## CONCLUSION

Accordingly;

**IT IS ORDERED** that Defendant Michael Jones' Motion to Exclude Inadmissible Evidence[69] is **DENIED.**

**New Orleans, Louisiana, this 29th day of March, 2017.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[68] If Defendant Michael Jones testifies on direct that he never worked with Akasia Lee or A New Beginning, the Government may impeach him by contradiction, provided a proper foundation is established. *See* FED. R. EVID. 613(b); *United States v. Foster*, 376 F.3d 577, 592-93 (6th Cir. 2004). The Government also believes it should be allowed to impeach Defendant Michael Jones by contradiction if he testifies that he was careful or diligent in keeping his records or making sure he always wrote his own notes and carefully reviewed plans of care or if he testifies he never entered a kickback arrangement before or that he did not have intent to defraud. R. Doc. 751 at 7-8. The Court defers ruling on this issue. *See United States v. Lopez*, 979 F.2d 1204 (5th Cir. 1992); *United States v. Gilmore*, 553 F.3d 266, 270 (3d Cir. 2009).
[69] R. Doc. 731.