UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 15-61 |
| SHELTON BARNES, ET AL. | SECTION "E" (2) |

## ORDER AND REASONS

Before the Court are three motions for stays of forfeiture, seizure, garnishment, and collection, filed by Defendants Shelton Barnes, Paula Jones, and Michael Jones (collectively, "Defendants").[1] Although the relief sought is less than clear, the Court will consider the motions as requesting a stay of collection efforts on both the asset-forfeiture money judgments against the Defendants[2] and the restitution provisions of the judgments against the Defendants.[3] The Government opposes Defendants' motions.[4] Defendant Barnes filed a reply memorandum.[5] For the following reasons, Defendants' motions are **DENIED**.

## BACKGROUND

On May 9, 2017, after sixteen days of trial testimony and more than two days of deliberation, the jury convicted Barnes and Paula Jones on all counts for which they were charged in the Second Superseding Indictment.[6] Michael Jones was found guilty as to Counts 1, 2, 18, and 22–27, and not guilty as to Counts 19, 20, and 21.[7]

---

[1] R. Docs. 1663 (Barnes), 1666 (Michael Jones), 1670 (Paula Jones).
[2] R. Doc. 1509.
[3] R. Docs. 1523, 1525, 1527.
[4] R. Doc. 1672.
[5] R. Doc. 1675.
[6] R. Doc. 1067.
[7] *Id.*

1

On September 25, 2018, the Court entered a Revised Preliminary Order of Forfeiture requiring Barnes to forfeit $371,784 and Michael Jones to forfeit $19,235.15.[8] In addition, Michael Jones and Paula Jones were required to forfeit $35,000, for which they are jointly and severally liable.[9] The forfeiture order became final upon sentencing, and the forfeiture amounts were included in the amended judgments against Defendants, dated October 10, 2018, as personal money judgments.[10]

Defendants were sentenced on September 25, 2018.[11] At sentencing, the Court ordered Defendants to pay restitution to their victim, Medicare. The Court imposed restitution in the following amounts: $10,850,229 from Barnes, $3,106,954 from Paula Jones, and $347,525 from Michael Jones.[12] For Barnes and Michael Jones, these amounts were calculated by adding the total Part A payments Medicare paid Abide Home Care Services, Inc. ("Abide") based on the relevant doctor's certification of patients during his participation in the conspiracy and the total Part B payments Medicare paid the relevant doctor during the same period.[13] For Paula Jones, who was a biller, the amount was calculated from Abide's total billings during her participation in the conspiracy, based on estimates of the proportion of Abide's billing for which she was responsible.[14]

Defendants appealed their sentences to the Fifth Circuit.[15] Between November 27, 2018 and November 30, 2018, the Government filed ten applications for writs of

---

[8] R. Doc. 1518.
[9] *Id.*
[10] R. Docs. 1569 (Michael Jones), 1571 (Barnes), 1575 (Paula Jones).
[11] R. Doc. 1519.
[12] R. Docs. 1569 (Michael Jones), 1571 (Barnes), 1575 (Paula Jones).
[13] *See* R. Doc. 1519-1 at 1.
[14] *Id.* at 2.
[15] R. Docs. 1534 (Barnes), 1539 (Michael Jones), 1551 (Paula Jones).

garnishment as to Defendants to obtain funds to satisfy the orders of restitution.[16] Defendants filed the instant motions.[17] The Government opposes any stay, but does not oppose an order that the garnished funds be held on deposit in the registry of the Court until the resolution of Defendants' appeals.[18]

## **LEGAL STANDARD**

To the extent Defendants move to stay the orders of forfeiture against them, Rule 32.2(d) of the Federal Rules of Criminal Procedure provides that "[i]f a defendant appeals from a conviction or an order of forfeiture, the court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review."[19] In *United States v. Ngari*, the Fifth Circuit explained, "in determining whether to grant a stay of a forfeiture, courts have generally examined the following factors: (1) the likelihood of success on appeal; (2) whether the forfeited assets will depreciate over time; (3) the forfeited assets' intrinsic value to the defendant; and (4) the expense of maintaining the forfeited property."[20]

To the extent Defendants move to stay the orders of restitution against them, Rule 38(e)(1) provides, "[i]f the defendant appeals, the district court, or the court of appeals under Federal Rule of Appellate Procedure 8, may stay--on any terms considered appropriate--any sentence providing for restitution under 18 U.S.C. § 3556 or notice under 18 U.S.C. § 3555."[21] The Fifth Circuit has not analyzed Rule 38(e)(1). Courts facing

---

[16] R. Docs. 1621 (Paula Jones), 1622 (Paula Jones), 1623 (Paula Jones), 1624 (Michael Jones), 1625 (Michael Jones), 1626 (Michael Jones), 1627 (Michael Jones), 1628 (Michael Jones), 1632 (Paula Jones), 1637 (Barnes).
[17] R. Docs. 1663 (Barnes), 1666 (Michael Jones), 1670 (Paula Jones).
[18] R. Doc. 1672.
[19] FED. R. CRIM. P. 32.2(d).
[20] 559 F. App'x 259, 272 (5th Cir. 2014) (citing *United States v. Droganes*, 893 F.Supp.2d 855, 894 (E.D.Ky. 2012), *aff'd,* 728 F.3d 580 (6th Cir. 2013); *United States v. Peters*, 784 F.Supp.2d 234, 235 (W.D.N.Y. 2011); *United States v. Riedl*, 214 F.Supp.2d 1079, 1082 (D.Haw. 2001)).
[21] FED. R. CRIM. P. 38(e)(1).

3

Rule 38(e)(1) motions have analyzed the four factors the Supreme Court laid out in *Nken v. Holder*[22] for motions for stays: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[23]

## ANALYSIS

### I. Forfeiture

In their motions, Defendants do not address the first *Ngari* factor, likelihood of success on appeal. The Court notes it has denied Defendants' motions for release on bond pending appeal because Defendants failed to identify a substantial question of law or fact at issue in the case that, if decided in favor of Defendants, would be likely to result in reversal, an order for a new trial, or less or no imprisonment.[24] This factor weighs against a stay.

The second factor, whether the forfeited assets will depreciate over time, "is relevant to cases in which the government intends to sell the forfeited property, and fears the property will depreciate in value while the appeal is pending."[25] This factor is irrelevant in this case because the seizure is of cash.

The third *Ngari* factor is the forfeited assets' intrinsic value to the defendant.[26] "In considering whether an asset has intrinsic value, courts are generally concerned with whether a defendant will receive adequate, alternative compensation for the forfeited

---

[22] 556 U.S. 418, 434 (2009).
[23] *See, e.g.*, *United States v. Razzouk*, No. 11-CR-430, 2018 WL 3574868, at *1 (E.D.N.Y. July 25, 2018); *United States v. Yalincak*, No. 05CR153, 2015 WL 6456537, at *2 (D. Conn. Oct. 26, 2015).
[24] R. Doc. 1685.
[25] *Droganes*, 893 F. Supp. 2d at 898.
[26] 559 F. App'x at 272.

property in the event he succeeds on appeal."[27] Defendants' motions do not clearly address this factor. If Defendants are successful on appeal, the cash will be returned to them, constituting adequate compensation. As a result, the Court finds this factor also is irrelevant.

The fourth factor, the expense of maintaining the forfeited property, is irrelevant because there will be no cost to maintain the forfeited property.

The only relevant *Ngari* factor is the likelihood of success on appeal. Defendants have not shown they are likely to be successful on appeal. As a result, the Court denies Defendants' motions to stay the forfeiture orders against them.

## II. Restitution

In their motions, Defendants do not address the first *Nken* factor, likelihood of success on the merits on appeal. As with the first *Ngari* factor, this weighs against a stay.

The second *Nken* factor is whether the applicant will be irreparably injured absent a stay.[28] In the context of preliminary injunctions, the Fifth Circuit has held that, to show an irreparable injury, a litigant must demonstrate a "substantial threat of harm which cannot be undone through monetary remedies."[29] Barnes alleges funds that he deposited in his checking account have been placed on hold, leaving him unable to pay basic expenses.[30] Paula Jones argues, absent a stay, she will be "totally insolvent" and unable

---

[27] *Droganes*, 893 F. Supp. 2d at 898 (citing *United States v. Peters,* 784 F.Supp.2d 234, 236 (W.D.N.Y. 2011)).
[28] *See Razzouk*, 2018 WL 3574868, at *1 (citing *Nken*, 556 U.S. at 434).
[29] *Spiegel v. City of Houston*, 636 F.2d 997, 1001 (5th Cir. 1981); *cf. Danden Petroleum, Inc. v. N. Nat. Gas Co.*, 615 F. Supp. 1093, 1099 (N.D. Tex. 1985) ("Loss of income during the pendency of a suit is not irreparable injury for which an injunction will lie.").
[30] R. Doc. 1663-1 at 2; R. Doc. 1675. Barnes alleges the money is "untainted" because they constitute a loan from a family member. R. Doc. 1663-1 at 2. For restitution orders, the Government need not "demonstrate that the money was traceable to [the defendant's] criminal offense." *United States v. Ogbemudia*, 361 F. App'x 583, 584 (5th Cir. 2010).

5

to pay her court costs.[31] Michael Jones argues, absent a stay, he will be unable to meet his family's schooling and medical needs.[32] The Court finds that the threat of insolvency and inability to pay court costs and expenses do not rise to the level of irreparable injury.[33]

The Court finds that, although the Government has not shown issuance of the stay will substantially injure the other parties interested in the proceeding, the public interest is best served by enforcement of the restitution order.

Rule 38(e)(2) of the Federal Rules of Criminal Procedure provides, "[t]he court may issue any order reasonably necessary to ensure compliance with a restitution order or a notice order after disposition of an appeal, including . . . (C) an order requiring the defendant to deposit all or part of any monetary restitution into the district court's registry."[34] The garnished funds will be held on deposit with the Clerk of Court until the resolution of Defendants' appeals.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that (1) Defendant Shelton Barnes' motion for a stay of collection efforts on asset-forfeiture money judgments against him and the restitution provisions of the judgment against him be and hereby is **DENIED**;[35] (2) Defendant Michael Jones' motion for a stay of collection efforts on asset-forfeiture money judgments against him and the restitution provisions of the judgment against him be and hereby is **DENIED**;[36] and (3) Defendant Paula Jones' motion for a stay of

---

[31] R. Doc. 1670-1 at 2.
[32] R. Doc. 1666-1 at 2.
[33] To the extent Defendants argue they are unable to pay for necessities, they will be given twenty days from the garnishee's answer to object to any garnishment and request a hearing. 28 U.S.C. § 3205(c)(4). Pursuant to 18 U.S.C.A. § 3613(a)(1), (f), certain property is exempt from enforcement of restitution.
[34] FED. R. CRIM. P. 38(e)(2).
[35] R. Doc. 1663.
[36] R. Doc. 1666.

collection efforts on asset-forfeiture money judgments against her and the restitution provisions of the judgment against her be and hereby is **DENIED**.[37]

**IT IS FURTHER ORDERED** that during the pendency of the appeal, any garnished amounts resulting from writs of garnishment against Defendants Shelton Barnes, Michael Jones, and Paula Jones,[38] be **DEPOSITED** with the Clerk of Court for the United States District Court for the Eastern District of Louisiana.

**New Orleans, Louisiana, this 16th day of January, 2019.**

                                              **SUSIE MORGAN**
                           **UNITED STATES DISTRICT JUDGE**

---

[37] R. Doc. 1670.
[38] R. Docs. 1621 (Paula Jones), 1622 (Paula Jones), 1623 (Paula Jones), 1624 (Michael Jones), 1625 (Michael Jones), 1626 (Michael Jones), 1627 (Michael Jones), 1628 (Michael Jones), 1632 (Paula Jones), 1637 (Barnes).