## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**                                                      **NO. 15-61**

**MICHAEL JONES**                                      **SECTION: "E"**

### ORDER AND REASONS

Before the Court is a motion for compassionate release filed by Michael Jones.[1] For the following reasons, Jones' motion for compassionate release is **DENIED**.[2]

### BACKGROUND

On May 9, 2017, Jones was convicted of conspiracy to commit health care fraud and four substantive counts of health care fraud.[3] The Court sentenced Jones to 36 months of imprisonment.[4] Jones has served approximately 6 months of that sentence and is currently housed at Pensacola FPC.[5]

Jones now moves for a sentence reduction based on the compassionate release statute, relying on the threat posed by the COVID-19 pandemic.[6] On March 30, 2020, Jones emailed a request for early release to the Warden of Pensacola FPC and followed up with another email request on April 27, 2020.[7] On June 2, 2020, the Warden denied Jones' request for compassionate release.[8] The denial stated, in part:

---

[1] R. Doc. 1903. The Government filed a response. R. Doc. 1907.

[2] Jones' motion was initiated by his wife, Paula Jones, sending a letter to the Court on his behalf. There is room for disagreement as to whether a family member may file a motion for sentence reduction with the Court on behalf of an inmate under 18 U.S.C. 3582(d)(2)(B). Because the Court finds Jones is not entitled to a reduction in his sentence, the Court need not decide whether his wife could file this motion on his behalf.

[3] R. Doc. 1067.

[4] R. Doc. 1523.

[5] *See* R. Doc. 1880; https://www.bop.gov/inmateloc/.

[6] R. Doc. 1903.

[7] R. Doc. 1907-1.

[8] R. Doc. 1907-2.

To date, FPC Pensacola has not had any positive COVID-19 staff or inmate cases within the institution. The administration has taken an aggressive approach to implement enhanced sanitation processes, additional social distancing measures and minimizing inmate face-to-face contact in our daily operations. . . . Additionally, you have received a Residential Re-Entry Center placement date of April 26, 2021. Accordingly, your RIS request is denied at this time.[9]

## LAW AND ANALYSIS

### I.      Jones' Request for a Reduction in His Sentence Is Denied.

18 U.S.C. § 3582(c) provides courts "may not modify a term of imprisonment once it has been imposed," except in limited circumstances.[10] As relevant in this case, 18 U.S.C. § 3582(c)(1)(A)(i) provides courts may, upon motion of a defendant or upon motion of the Director of the Bureau of Prisons, reduce a term of imprisonment, "after considering the factors set forth in [18 U.S.C.] § 3553(a)," if "extraordinary and compelling reasons warrant such a reduction."[11]

### A.      Jones has exhausted administrative remedies.

Courts may consider a motion for a reduction in sentence on the basis of extraordinary and compelling reasons only if the exhaustion requirement of § 3582(c)(1)(A) is met.[12] If a defendant submits a request for compassionate release to the warden of his facility, and thereafter there is a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,"[13] the exhaustion requirement of § 3582(c)(1)(A) is satisfied, and the Court may consider a motion for compassionate release filed by the defendant.

---

[9] *Id.*
[10] 18 U.S.C. § 3582(c).
[11] *Id.* § 3582(c)(1)(A).
[12] *See id.*
[13] *Id.*

In this case, Jones filed a request for compassionate release with the Warden of Pensacola FPC on March 30, 2020, and on April 27, 2020.[14] The Warden denied Jones' request on June 2, 2020.[15] The Government does not dispute the exhaustion requirement of § 3582(c)(1)(A) is satisfied. Accordingly, the Court finds Jones has properly exhausted his administrative remedies, and the Court will proceed to evaluating Jones' request for compassionate release on the merits.

### B.   Jones has not presented any "extraordinary and compelling reasons" warranting a reduction of his sentence.

According to § 3582(c)(1)(A)(i), a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[16] The United States Sentencing Commission's relevant policy statement, found in § 1B1.13 application note 1 of the United States Sentencing Guidelines Manual, sets forth three specific circumstances considered "extraordinary and compelling," as well as a catchall provision:

> 1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> > (A) Medical Condition of the Defendant.—
> >
> > > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

---

[14] R. Doc. 1907-2.
[15] *Id.*
[16] 18 U.S.C. § 3582(c)(1)(A)(i).

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[17]

Jones bears the burden of establishing he is eligible for a sentence reduction under § 3582(c)(1)(A)(i).[18] In this case, Jones is not over 65 years old,[19] and he has not argued

---

[17] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENTENCING COMM'N 2018).

[18] *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (holding the petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute").

[19] https://www.bop.gov/inmateloc/.

"family circumstances" warrant a sentence reduction.[20]  Accordingly, only subsections (A) and (D) of the policy statement are relevant.

> **1.      Jones has not presented any "extraordinary and compelling" medical conditions warranting a reduction of his sentence.**

The Court first considers Jones' argument that he is entitled to a reduction in his sentence because he suffers from hypertension, has had a heart attack, and suffers from sleep apnea.[21] Subsection (A) of the policy statement defines two categories of "medical conditions" as "extraordinary and compelling." Under subsection (A)(i), the defendant must "suffer[] from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)."[22] "Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia."[23] Jones sleep apnea, hypertension, and past heart attack, even if established, are not on par with the examples of "serious and advanced illness[es]" listed in the policy statement.

Under subsection (A)(ii), the defendant must be suffering from a serious condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[24] Jones does not allege, nor is there any evidence in the record indicating, that he cannot provide himself with care or that he is expected not to recover from his conditions.

---

[20] R. Doc. 1903.
[21] *Id.*
[22] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1(A)(i) (U.S. SENTENCING COMM'N 2018).
[23] *Id.*
[24] *Id.* § 1B1.13, cmt. n.1(A)(ii).

Accordingly, Jones has not met his burden of presenting any "extraordinary and compelling" medical conditions warranting a reduction of his sentence under subsection (A) of the policy statement.

> **2.** **Jones has not presented any other "extraordinary and compelling" reasons warranting a reduction of his sentence.**

Because Jones' health conditions do not constitute extraordinary and compelling reasons for a sentence reduction under subsection (A) of the policy statement, Jones may obtain compassionate release only if the "catchall" provision, included in subsection (D) of the policy statement, is applicable. The "catchall" provision covers "extraordinary and compelling reasons other than, or in combination with" medical condition, age, or family circumstances.[25]

The Court notes the policy statement, last amended on November 1, 2018, has not been updated since the passage of the First Step Act on December 21, 2018. The First Step Act amended § 3582(c) to allow not only the BOP but also a defendant to bring a motion arguing extraordinary and compelling reasons warrant a reduction in the defendant's sentence. The policy statement provides, "A reduction under this policy statement may be granted *only upon motion by the Director of the Bureau of Prisons*."[26] As a result of this clear conflict, there is some dispute as to which portions, if any, of the policy statement should continue to apply to § 3582 after the passage of the First Step Act.[27]

---

[25] *Id.*§ 1B1.13 cmt. n.1(D) (U.S. SENTENCING COMM'N 2018).

[26] *Id.* § 1B1.13 cmt. n.4.

[27] *See, e.g.*, *United States v. Brown*, 2019 WL 4942051, at *4 (S.D. Iowa Oct. 8, 2019); *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 (M.D.N.C. June 28, 2019); *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019); *United States v. Fox*, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019).

For example, disagreements exist over whether courts may determine what constitutes an extraordinary and compelling reason under the catchall provision in subsection (D). Although the First Step Act amended § 3582(c) to allow a defendant, and not just the BOP, to bring a motion in court arguing extraordinary and compelling reasons warrant a reduction in a defendant's sentence, subsection (D) of the policy statement only permits the BOP to determine what constitutes "extraordinary and compelling reason[s]" under that subsection.[28] Some courts have questioned why a defendant can bring a motion for compassionate release *in court* if the court cannot decide what amounts to extraordinary and compelling reasons for such release. Those courts have held that, pursuant to the policy goals of the First Step Act, not only the BOP but also courts may now determine what constitutes such "other" extraordinary and compelling reasons. As one court put it, "the only way direct motions to district courts would increase the use of compassionate release is to allow district judges to consider the vast variety of circumstances that may be 'extraordinary and compelling.'"[29] Other courts, however, have not broken from the text of subsection (D) as currently written and have held the BOP alone may determine what qualifies as "other" extraordinary and compelling circumstances.[30]

The Court need not weigh in on this conflict in order to resolve the instant motion for compassionate release. For the reasons discussed below, even if both the Court and the BOP may determine what additional circumstances constitute "extraordinary and

---

[28] *See, e.g.*, *United States v. Overcash*, 3:15-cr-263-FDW-l, 2019 WL 1472104, at *2 (W.D.N.C. Apr. 3, 2019) ("The Court agrees that § 1B1.13 now conflicts with § 3582 insofar as a defendant is now able to request a sentence reduction upon a defendant's own motion rather than having to rely on the BOP Director.").

[29] *Brown*, 2019 WL 4942051, at *3.

[30] *United States v. Joseph*, No. CR 15-307, 2020 WL 3128845, at *3 (E.D. La. June 12, 2020) ("The Guidelines also identify a category of '[o]ther [r]easons,' but state that such reasons are '[a]s determined by the Director of the Bureau of Prisons.'").

compelling" circumstances under the catchall provision, Jones is not entitled to compassionate release.

Multiple courts—deciding they and the BOP have discretion to define extraordinary and compelling circumstances outside of the policy statement—have found "extraordinary and compelling" reasons warranting a reduction in a petitioner's sentence if a petitioner has an underlying medical condition rendering him particularly susceptible to contracting COVID-19.[31] It is clear "[g]eneral concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence."[32] The Centers for Disease Control and Prevention ("CDC") has set forth a list of underlying medical conditions causing an individual to be particularly susceptible to contracting COVID-19.[33] These underlying medical conditions include moderate-to-severe asthma, chronic kidney disease being treated with dialysis, chronic lung disease, diabetes, hemoglobin disorders, liver disease, serious heart conditions such as heart failure, and conditions and treatments causing an individual to be immunocompromised, such as cancer treatment, bone marrow or organ transplantation, immune deficiencies, HIV with a low CD4 cell

---

[31] *See, e.g.*, *United States v. Rodriguez*, Criminal Action No. 2:03-cr-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020) (granting compassionate release to defendant who was "especially vulnerable" to COVID-19 due to his diagnoses of "[t]ype 2 diabetes mellitus with diabetic neuropathy, essential hypertension, obesity, and 'abnormal liver enzymes in a pattern most consistent with non-alcoholic fatty liver disease'"); *United States v. Jepsen*, Civ. Action 19-73, 2020 WL 1640232, at *5 (D. Conn. Apr. 1, 2020) (granting compassionate release to defendant who "is immunocompromised and suffers from multiple chronic conditions that are in flux and predispose him to potentially lethal complications if he contracts COVID-19"); *United States v. Muniz*, Criminal Action 09-199, 2020 WL 1540325, at *2 (S.D. Tex. March 30, 20120) (finding extraordinary and compelling circumstances because "[d]efendant has been diagnosed with serious medical conditions that, according to reports from the Center[s] for Disease Control, make him particularly vulnerable to severe illness from COVID-19 . . . includ[ing] inter alia, end stage renal disease, diabetes, and arterial hypertension").

[32] *United States v. Wright*, Criminal Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020).

[33] *See Groups at Higher Risk for Severe Illness*, CTR. FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html.

count, HIV without HIV treatment, and prolonged use of corticosteroids and other immune weakening medications.[34]

In this case, Jones argues extraordinary and compelling reasons are present for compassionate release because he suffers from hypertension and sleep apnea and has had a heart attack rendering him susceptible to COVID-19. Jones attached a timeline, apparently prepared by him, to his motion. He does not reference any medical records to support his position that he has been diagnosed with these maladies.

 Sleep apnea and hypertension are not the CDC's list of COVID-19 risk factors, and Jones has not met his burden of showing they render him particularly susceptible to COVID-19. While a serious heart condition is on the CDC's list of factors that may increase a person's risk of severe illness due to COVID-19, Jones has not pointed to evidence establishing he actually suffered a heart attack or suffers any serious heart problems. On April 7, 2020, Jones was admitted to West Florida Regional Medical Center and seen for chest pain.[35] The medical records[36] show he had an abnormal EKG, but the doctor attributed the abnormality to "lead misplacement."[37] The doctor also tested and found he had "negative troponins," a factor indicating Jones did not have a heart attack.[38] Jones has not met his burden of showing he had a heart attack or a serious heart condition.

Moreover, the Warden made clear in his denial of Jones' request for compassionate release that there were no cases of COVID-19 at his facility as of June 2, 2020, and that the prison is taking "an aggressive approach to implementing enhanced sanitation processes, additional social distancing measures and minimizing inmate face-to-face

---

[34] *Id.*
[35] R. Doc. 1907-3, at 127.
[36] The U.S. Attorney's office attached Jones' medical records to its opposition. R. Doc. 1907-3.
[37] *Id.* at 127.
[38] *Id.*

contact."[39] As of the time of this order, Pensacola FPC has only one staff member, and no inmates, with COVID-19.[40] Some courts, in deciding whether the catchall provision applies based on the inmate's medical condition, have considered whether the inmate has access to quality medical care and whether the prison is taking steps to control the spread of Covid-19.[41] Even if Jones is suffering from a serious heart problem, he has not established Pensacola FPC is unable to manage his health issues and the risks of COVID-19.

As a result, the Court finds Jones has alleged nothing more than "[g]eneral concerns about possible exposure to COVID-19."[42] Even if the Court has the authority to determine what is "extraordinary and compelling" under subsection (D) of the policy statement, the Court does not find Jones' general concerns warrant compassionate release. Because Jones has failed to present any "extraordinary and compelling" reasons warranting a reduction in his sentence, he is not entitled to relief under § 3582.

## C.      Section 3553(a) factors weigh against reducing Jones' sentence.

Even if Jones had demonstrated "extraordinary and compelling" circumstances warranted a reduction in his sentence, he would nevertheless not be entitled to relief under § 3582. Section 3582 requires the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Section 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]

---

[39] R. Doc. 1907-2.

[40] https://www.bop.gov/coronavirus/.

[41] *United State v. Reed*, No. CR 15-100, 2020 WL 2850145, at *5 (E.D. La. June 2, 2020) (denying a prisoner's request for compassionate release, in part, because "[t]he Court [was] not concerned with [the prisoner]'s access to quality medical care while in the custody of the Bureau of Prisons" and "the BOP not only is aware of COVID-19, but also is taking its own measures to address the disease's impact").

[42] *United States v. Clark*, No. 17-85-SDD-RLB, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020).

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.][43]

Having considered the relevant factors under § 3553(a), and having weighed the totality of the relevant circumstances, the Court finds the factors weigh against reducing Jones' sentence. At sentencing, the Court took account of Jones' circumstances and granted him a substantial downward variance to 36 months imprisonment, which represented a 50% reduction from the guideline sentence of 70–87. The Court also accommodated Jones' need to care for his children by letting him surrender after his wife, Paula Jones, had served her sentence.[44] The Court finds that, because Jones has served only 6 months of his 36-month prison sentence, a reduction of his sentence below the downward variance he already has received would not be sufficient to reflect the seriousness of his offenses, promote respect for the law, provide just punishment for his offenses, or afford adequate deterrence to criminal conduct. Accordingly, the § 3553(a) factors weigh against reducing Jones' sentence.

---

[43] 18 U.S.C. § 3553(a).
[44] R. Doc. 1662, at 80–82; R. Doc. 1880.

## CONCLUSION

**IT IS ORDERED** that Michael Jones' motion for compassionate release is **DENIED**.[45]

New Orleans, Louisiana, this 2nd day of July, 2020.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[45] R. Doc. 1903.