UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 15-61** |
| **MICHAEL JONES** | **SECTION "E" (5)** |

## ORDER AND REASONS

Before the Court is a Motion to Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255 filed by Michael Jones ("Petitioner").[1] The United States of America ("Government") opposes the Motion.[2] Petitioner filed a Reply.[3] With leave of court, the Government filed a sur-reply.[4] For the reasons that follow, Petitioner's Motion is **DENIED** because it is untimely.

## BACKGROUND

In September 2016, a federal grand jury indicted Petitioner, among others, in a second superseding indictment and charged Petitioner with one count of conspiracy to commit health care fraud, one count of conspiracy to pay and receive illegal health care kickbacks, and several counts of health care fraud.[5] Petitioner pleaded not guilty on September 23, 2016.[6] After a jury trial, a jury found Petitioner guilty on counts one, two, eighteen, twenty-two, twenty-three, twenty-four, twenty-five, twenty-six but not counts nineteen, twenty, or twenty-one.[7] The Court sentenced Petitioner to thirty-six months imprisonment and two years of supervised release.[8]

---

[1] R. Doc. 1984.
[2] R. Doc. 1995.
[3] R. Doc. 2001.
[4] R. Doc. 2003; R. Doc. 2004.
[5] R. Doc. 670.
[6] R. Doc. 713.
[7] R. Doc. 1062; R. Doc. 1523.
[8] R. Doc. 1523.

1

On October 3, 2018, Petitioner filed a notice of appeal.[9] The United States Fifth Circuit Court of Appeals affirmed Petitioner's judgment and conviction on October 28, 2020.[10] On October 12, 2021, the United States Supreme Court denied Petitioner's petition for a writ of certiorari.[11]

On June 27, 2023, Petitioner filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.[12] Petitioner amended this motion with the help of newly enrolled counsel and leave of court on November 1, 2023.[13] In Petitioner's motion, he argues (1) that the evidence at trial was insufficient to support his conviction and (2) ineffective assistance of trial and appellate counsel.[14]

## LAW AND ANALYSIS

### I. Petitioner's Motion is untimely.

Pursuant to Section 2255, a federal prisoner in custody may move the sentencing court to vacate, set aside, or correct the sentence.[15] "Section 2255 provides the primary means of collateral attack on a federal sentence [and] [r]elief under this section is warranted for any error that 'occurred at or prior to sentence.'"[16] Section 2255(f) provides that a one year statute of limitation applies to § 2255 motions. "The limitation period shall run from the latest of—

(1)    the date on which the judgment of conviction became final;

(2)    the date on which the impediment to making a motion created

---

[9] R. Doc. 1539.
[10] *United States v. Barnes*, 979 F.3d 283 (5th Cir. 2020).
[11] *Jones v. United States*, 142 S. Ct. 349 (2021).
[12] R. Doc. 1953.
[13] R. Doc. 1984.
[14] *Id.*
[15] The Government concedes Petitioner, who is on supervised release rather than serving a prison sentence, is a "federal prisoner in custody" for purposes of 28 U.S.C. § 2255(a) and, thus, has standing to file this motion. R. Doc. 1995 at p. 2; *see also United States v. Scruggs*, 691 F.3d 660, 662 n.1 (5th Cir. 2012).
[16] *Cox v. Warden, Fed'l Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (quoting *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)).

> by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was presented from making a motion by such governmental action;
>
> (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[17]

Petitioner filed his Motion on June 27, 2023.[18] This is over a year from the date the Court denied Petitioner's petition for a writ of certiorari, which was also the day Petitioner's judgment of conviction finalized.[19] Therefore Petitioner's Motion was untimely under § 2255(f)(1).

In Petitioner's Reply, he asserts that his Motion is timely under § 2255(f)(3).[20] Section 2255(f)(3) only applies if the Court recognizes a "new" right and makes that right "retroactively applicable to cases on collateral review." "[T]o determine whether the Supreme Court initially recognized the asserted right, and thus whether the § 2255(f)(3) clock has been reset, [the Fifth Circuit] appl[ies] the same analysis used to determine if a case announces a 'new rule' that may be asserted retroactively on collateral review."[21] "A new rule is one that 'breaks new ground or imposes a new obligation on the States or the Federal Government.'"[22]

Petitioner asserts that his Motion is timely under § 2255(f)(3) because his Motion

---

[17] § 2255(f).
[18] R. Doc. 1953.
[19] *Jones*, 142 S. Ct. 349; *United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000).
[20] R. Doc. 2001 at p. 5.
[21] *United States v. London*, 937 F.3d 502, 506-07 (5th Cir. 2019) (citing *United States v. Morgan*, 845 F.3d 664, 666 (5th Cir. 2017)), *as revised* (Sept. 6, 2019).
[22] *Morgan*, 845 F.3d at 667 (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)).

was filed within a year of *Ruan v. United States*, 597 U.S. 450 (2022), which the Court decided on June 27, 2022.[23] In *Ruan*, the issue before the Court was "the state of mind that the Government must prove to convict" a doctor of violating 21 U.S.C. § 841(a).[24] Section 841(a) "makes it a federal crime, '*[e]xcept as authorized*[,] . . . for any person knowingly or intentionally . . . to manufacture, distribute, or dispense . . . a controlled substance.'"[25] The Court held that "After a defendant produces evidence that he or she was authorized to dispense controlled substances, the Government must prove beyond a reasonable doubt that the defendant knew that he or she was acting in an unauthorized manner, or intended to do so."[26]

Initially, Petitioner was not charged with a violation of § 841(a).[27] This makes *Ruan* facially inapplicable.

Assuming that *Ruan* applies to Petitioner's case by analogy, Petitioner does not show that *Ruan* recognized a new right. "[A] rule that applies a general principle to a new set of facts typically does not constitute a new rule."[28] The Court did not recognize a new right in *Ruan* because *Ruan* is based on general principles of criminal law. Indeed, the *Ruan* opinion dedicates four paragraphs to explaining the origins of the "scienter" presumption in criminal statutes.[29] This scienter presumption is that, when the Court interprets criminal statutes, it presumes "Congress intends to require a defendant to possess a culpable mental state."[30] The Court reasoned that "[a]pplying § 841's 'knowingly

---

[23] R. Doc. 2001 at p. 5.
[24] 597 U.S. at 454.
[25] *Id.* (alteration and emphasis in original) (quoting 21 U.S.C. § 841(a)).
[26] *Id.*
[27] R. Doc. 670.
[28] *Morgan*, 845 F.3d at 667 (citing *Chaidez v. United States*, 568 U.S. 342, 347-48 (2013)).
[29] 597 U.S. at 457-58.
[30] *Id.* (quoting *Rehaif v. United States*, 588 U.S. 225, 228-29 (2019)).

4

or intentionally' mens rea to the authorization clause . . . 'helps advance the purpose of scienter, for it helps to separate wrongful from innocent acts'" in reaching its holding.[31] Since *Ruan* drew from the general principle of the scienter presumption in criminal law, it does not recognize a new right for purposes of § 2255(f)(3).[32]

Another issue with *Ruan* is that Petitioner has not shown that it is "retroactively applicable to cases on collateral review."[33] A new right "is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."[34] The Court did not hold *Ruan* to be retroactive and Petitioner does not present arguments on the retroactivity of *Ruan*. Even if *Ruan* created a new right, Petitioner did not show that it is retroactive.[35]

Because § 2255(f)(3) does not apply to Petitioner's case, his Motion is time-barred under § 2255(f)(1) unless Petitioner can demonstrate the applicability of equitable tolling.

## II.     Petitioner is not entitled to equitable tolling.

Petitioner has not carried his burden of establishing an entitlement to equitable tolling. "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules."[36] A movant under § 2255 is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing."[37] This standard requires "reasonable diligence, not maximum

---

[31] *Id.* at 459 (quoting *Rehaif*, 588 U.S. at 232).
[32] *Sensi v. United States*, No. 22-3, 2023 WL 4684829, at *3 (D. Conn. July 21, 2023).
[33] § 2255(f)(3).
[34] *Tyler v. Cain*, 533 U.S. 656, 663 (2001).
[35] *United States v. Ashrafkhan*, No. 11-20551, 2024 WL 37936, at *5 (E.D. Mich. Jan. 3, 2024); *Williams v. United States*, No. 20-55, 2022 WL 16936253, at *3 (E.D.N.C. Nov. 14, 2022) (first citing *In re Blanc*, No. 22-12527, 2022 LEXIS 24640, *1-5 (11th Cir. Aug. 31, 2022) (unpublished); then *Brizuela v. United States*, No. 22-2, 2022 WL 4369977, *5-6 (N.D.W. Va. Sept. 21, 2022)).
[36] *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).
[37] *United States v. Jackson*, 470 Fed. App'x. 324, 329 (5th Cir. 2012) (citations and quotations omitted).

feasible diligence."[38] "Equitable tolling is permissible only in rare and exceptional circumstances," and is not extended "to instances of excusable neglect."[39] "[T]he decision to invoke equitable tolling is left to the discretion of the district court."[40]

Petitioner does not argue that equitable tolling applies nor does the Court find that this case presents a "rare" or "exceptional" circumstance that permits the application of equitable tolling. Equitable tolling does not apply.

### III.     The Court will not issue a certificate of appealability.

"When a district court enters a final order adverse to a petitioner under § 2255, the court must issue or deny a certificate of appealability."[41] A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."[42] This requires Petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement or to proceed further."[43] With respect to claims denied on procedural grounds, Petitioner must make a two-part showing that: (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" and (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."[44]

Petitioner's Motion does not satisfy these standards. For the reasons stated herein, the Court finds Petitioner's arguments do not amount to a substantial showing that his

---

[38] *Id.* (citations and quotations omitted).
[39] *Id.* (citations and quotations omitted).
[40] *Id.* (citations and quotations omitted).
[41] *United States v. Williams*, 2019 WL 2603657, at *3 (E.D. La. June 25, 2019).
[42] 28 U.S.C. § 2253(c)(2).
[43] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).
[44] *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack*, 529 U.S. at 484).

constitutional rights were compromised, nor do they deserve encouragement to proceed further or engender any type of debate among reasonable jurists. Accordingly, the Court will not issue a certificate of appealability.

## CONCLUSION

**IT IS ORDERED** that Petitioner's Motion[45] to Vacate Sentence pursuant to 28 U.S.C. § 2255 is **DENIED AS TIME-BARRED**.[46]

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

**New Orleans, Louisiana, this 8th day of November, 2024.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[45] R. Doc. 1953; R. Doc. 1984.
[46] Because the Court finds Petitioner's Motion untimely, the Court declines to reach the merits of Petitioner's Motion.